**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John William Capes, | CIV 11-507-PHX-SMM (MHB) |
| Petitioner, | **REPORT AND RECOMMENDATION** |
| vs. | |
| Charles Ryan, et al., | |
| Respondents. | |

TO THE HONORABLE STEPHEN M. McNAMEE, UNITED STATES DISTRICT JUDGE:

Petitioner John William Capes, who is confined in the Arizona State Prison Complex-Lewis, filed a *pro se* amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 5). Respondents filed their Answer on September 13, 2011 (Doc. 15), and Petitioner filed his Reply on December 5, 2011 (Doc. 21).

## BACKGROUND[1]

On September 25, 2003, the State of Arizona filed an indictment in Pinal County Superior Court CR-2003-01462 charging Petitioner with one count of aggravated assault with a deadly weapon, to wit: a vehicle, a class 3 dangerous felony, committed on or about June 7, 2002 (Count 1); and two counts of driving under the influence of intoxicating liquor or drugs, class 1 misdemeanors (Counts 2 and 3). (Exh. A.) After a Rule 11 evaluation, the trial court found Petitioner competent to stand trial. (Exh. B.)

On April 26, 2004, Petitioner pled guilty to Count 1 of the indictment. (Exhs. C-D.) On September 8, 2005, Petitioner filed a signed Blakely Waiver as an addendum to the plea

---

[1] Unless otherwise noted, the following facts are derived from the Exhibits submitted with Doc. 15 – Respondents' Answer.

1 agreement. (Exh. E.) However, on December 6, 2004, Petitioner filed a motion to withdraw the plea alleging "he did not fully comprehend and appreciate the plea agreement ... when he entered into it, and ... that the State did not allow him ample time to fully consider what a Blakely Waiver entailed." (Exh. F.) On January 11, 2005, the trial court permitted Petitioner to withdraw his plea as the court had not formally accepted it yet. (Exh. G.)

On April 14, 2005, Petitioner again entered a guilty plea to Count 1 of the indictment containing, *inter alia*, a waiver of right to a jury determination of aggravating circumstances beyond a reasonable doubt, which was accepted by the court. (Exhs. H-I.) On June 3, 2005, and after a mitigation hearing, the trial court sentenced Petitioner to an aggravated sentence of 12 years' imprisonment on Count 1 and dismissed the remaining two misdemeanor counts. (Exh. J.)

On August 12 and 23, 2005, Petitioner filed a *pro per* petition for post-conviction relief (PCR). (Exhs. K-L.) Petitioner was, thereafter, appointed counsel for his PCR proceedings. (Exh. M.) On February 21, 2006, defense counsel filed a notice of post-conviction review asserting that she did not find any colorable claims for relief to raise in a PCR proceeding. (Exh. N.) Defense counsel also requested an extension of time to permit Petitioner time to file a supplemental *pro per* petition, which the court subsequently granted. (Exhs. N-O.)

On March 16, 2006, defense counsel filed a motion requesting a second extension of time for the filing of Petitioner's *pro per* petition. (Exh. P.) The court granted the request and extended the deadline to May 10, 2006. (Exh. Q.) On May 17, 2006, Petitioner filed a *pro per* motion for a third extension of time to file the supplemental petition. (Exh. R.) On June 16, 2006, the court granted the request. (Exh. S.)

On July 6, 2006, Petitioner filed a supplemental *pro per* petition for PCR. (Exh. T.) Petitioner asserted that: (1) the drug found in his system, Diazepam, was not an illegal drug because it was prescribed to him and did not affect his driving; (2) he was forced to plead guilty through coercion of "the system" and his lack of mental strength; (3) the court violated

- 2 -

1  the plea agreement by considering his prior felony and misdemeanor offenses; and (4)
2  ineffective assistance of counsel. (Exh. T at 2-4.)

3  On August 31, 2006, after the State filed a response and the time to reply expired, the
4  trial court denied Petitioner's PCR petition finding that Petitioner "failed to present any claim
5  that raises a material issue of fact or law that would entitle [Petitioner] to relief." (Exhs. U-
6  V.) Defense counsel subsequently filed a motion to withdraw as counsel of record, and
7  requested an extension of time to allow Petitioner to file a *pro per* petition for review. (Exh.
8  W.) On September 13, 2006, the court granted the requests and ordered that Petitioner file
9  the petition for review by November 1, 2006. (Exh. X.) No petition for review was ever
10 filed.

11 On June 20, 2008, Petitioner filed a second notice of petition for PCR and a *pro per*
12 petition. (Exhs. Y-Z.) New defense counsel was appointed; however, Petitioner moved to
13 dismiss the newly appointed counsel for ineffective assistance and requested the court re-
14 appoint prior Rule 32 defense counsel. (Exhs. AA-BB.) The court granted both of
15 Petitioner's requests. (Exh. CC.)

16 On March 13, 2009, appointed counsel filed a PCR petition alleging newly discovered
17 evidence in the form of the toxicology report and requested an evidentiary hearing. (Exh.
18 DD.) The court, subsequently, granted Petitioner's request for expert witness funds (Exhs.
19 EE-FF), and an evidentiary hearing was held on December 2, 2009, wherein Petitioner's
20 expert witness testified and arguments were presented by both sides (Exh. GG).

21 On December 15, 2009, the court affirmed the conviction for aggravated assault, to
22 which Petitioner had pled guilty, based on the uncontroverted evidence that Petitioner "had
23 a metabolite of a prohibited prescription drug in his system," and found "[t]here was a factual
24 basis [for the] aggravated assault, when the Petitioner with the diazepam metabolite in his
25 system, recklessly injured the victim with his vehicle." (Exh. HH at 3.) The court, however,
26 vacated the sentence imposed, stating:

27 > This Court finds by a preponderance of the evidence that the evidence
>  available to the State and the Defendant at time of sentencing supports the
28 > proposition that the [D]efendant did not have an extraordinary amount of

> prescription drug/s in his system at time of sentencing. The argument by the State [that Defendant had a large amount of Diazepam in his system at the time of the offense] which was not refuted by defense counsel was clearly erroneous. ... This Court concludes that any weight given to this inaccurate characterization substantially prejudiced the Defendant at time of sentencing.

(Exh. HH at 4.)

On February 5, 2010, the court conducted the resentencing hearing and received evidence in aggravation and mitigation. (Exh. II.) After reviewing the evidence and arguments presented, the court sentenced Petitioner to an aggravated term of 12 years' imprisonment, finding that the enumerated aggravators outweighed the mitigating factors. (Exh. II at 2-3.) As it had done previously, the court cited in aggravation Petitioner's numerous prior felony convictions and continuous course of illegal conduct, but it also found as additional aggravating factors his failure to benefit from past lenient treatment; the physical and financial harm the victim had suffered; Petitioner having jeopardized the safety of other motorists besides the victim; and the fact that Petitioner had inflicted serious physical injury. (Exh. II at 2-3.) Petitioner was administered, and signed a notice of rights after conviction. (Exh. JJ.) Thereafter, defense counsel requested an extension of time to file a petition for review, which was granted. (Exhs. KK-LL.)

On May 13, 2010, Petitioner filed a petition for review with the Arizona Court of Appeals. (Exh. MM.) Defense counsel argued that Petitioner is "actually innocent" claiming that the trial court erred in not setting aside Petitioner's guilty plea when no factual basis for the plea existed. (Exh. MM at 5-6.) Counsel stated that Petitioner was "under the mistaken belief of the facts and evidence against him" at the time of the plea agreement and that the trial court "incorrectly interpreted the record in the case and incorrectly ruled on the factual issues." (Exh. MM at 5-6.) Counsel also argued, citing A.R.S. § 13-701(D) and (E), that the trial court failed to properly balance the aggravating and mitigating factors and, thus, improperly sentenced Petitioner. (Exh. MM at 6.)

On September 29, 2010, the Arizona Court of Appeals issued a memorandum decision granting review and denying relief. (Exh. NN.) The appellate court found that Petitioner's "claim that the correct interpretation of the [toxicology] report is somehow newly discovered

1  evidence rings hollow." (Exh. NN at 5, ¶ 9.) Further, the court stated that Petitioner's
2  "decision to accept the state's plea offer was influenced by the possibility he could be
3  sentenced to sixty-four years in prison if found guilty of all outstanding charges in the four
4  separate cases that were pending against him in April 2005." (Exh. NN at 5-6, ¶ 9.) Finally,
5  the appellate court: (1) found that Petitioner admitted to taking the drug when he was
6  "extremely exhausted [and] was pretty sure [it] played a role in [his] falling asleep at the
7  wheel;" (2) found that Petitioner was not under any mistaken belief about the facts or amount
8  of Diazepam in his system; and (3) rejected Petitioner's claim that his plea was based on an
9  "incorrect premise" about the levels of Diazepam in his system. (Exh. NN at 6-7, ¶¶ 10-11.)
10 Petitioner did not file a motion for reconsideration or petition for review to the Arizona
11 Supreme Court. (Exh. OO.)

12 On March 17, 2011, Petitioner filed a *pro se* Petition for Writ of Habeas Corpus
13 raising two grounds for relief. (Doc. 1.) Petitioner first contended that he is actually
14 innocent of the crime for which he was convicted claiming that the trial court abused its
15 discretion in refusing to set aside his guilty plea when no factual basis for the plea existed.
16 (Doc. 1 at 6-9.) Petitioner specifically refers to the toxicology report, which allegedly
17 showed that the level of Valium was within the medically prescribed range. (Doc. 1 at 6-9.)
18 In Ground Two, Petitioner claimed that the trial court failed to appropriately balance
19 aggravating and mitigating factors and, as such, improperly imposed an aggravated sentence.
20 (Doc. 1 at 10-13.) On March 28, 2011, the District Court dismissed the Petition with leave
21 to amend for failure to allege that his conviction or sentence violates the Constitution, laws
22 or treaties of the United States. (Doc. 4.)

23 On April 18, 2011, Petitioner filed an amended habeas petition. (Doc. 5.) Petitioner
24 raises two grounds for relief. In Ground One, Petitioner again alleges that the trial court
25 abused its discretion, and violated his Fourteenth Amendment rights, when it refused to set
26 aside his guilty plea because there was no factual basis to support the plea when the
27 toxicology report showed the level of Valium was within the medically prescribed range.
28 (Doc. 5 at 6-10.) In Ground Two, Petitioner claims his Fourteenth Amendment rights were

violated when the trial court failed to properly balance aggravating and mitigating factors, thereby improperly sentencing him to an aggravated term of imprisonment. (Doc. 5 at 11-15.)

**DISCUSSION**

In their Answer, Respondents contend that neither of Petitioner's habeas claims are cognizable on federal habeas review. Respondents request that the amended Petition for Writ of Habeas Corpus be denied and dismissed with prejudice.

Title 28 U.S.C. § 2254(a) sets forth the scope of federal habeas corpus review:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a). The Supreme Court has repeatedly stated that the habeas statute "unambiguously provides that a federal court may issue a writ of habeas corpus to a state prisoner 'only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.'" Wilson v. Corcoran, ___ U.S. ___, ___, 131 S.Ct. 13, 16 (2010) (*per curiam*) (quoting 28 U.S.C. § 2254(a)). Accordingly, "[a] habeas petition must allege the petitioner's detention violates the constitution, a federal statute or a treaty." Franzen v. Brinkman, 877 F.2d 26 (9th Cir. 1989). "[F]ederal habeas corpus does not lie for errors of state law." Estelle v. McGuire, 502 U.S. 62, 67 (1991) (quoting Lewis v. Jeffers, 497 U.S. 764, 780 (1990)); see also Gilmore v. Taylor, 508 U.S. 333, 348-49 (1993) (stating that "mere error of state law, one that does not rise to the level of a constitutional violation, may not be corrected on federal habeas"). The purpose of habeas proceedings under § 2254 is to ensure that state convictions satisfy federal constitutional requirements applicable to states. See Burkey v. Deeds, 824 F.Supp. 190, 192 (D.Nev. 1993). A habeas petitioner cannot "transform a state law issue into a federal one by merely asserting a violation of due process." Poland v. Stewart, 169 F.3d 573, 584 (9th Cir. 1999) (quoting Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1996)).

Initially, the Court notes that in his first Petition for Writ of Habeas Corpus, which was dismissed with leave to amend, Petitioner raised the same two claims set forth in the instant amended habeas petition – except he failed to allege that his conviction or sentence violated the Constitution, laws or treaties of the United States. Thus, when he was granted permission to file an amended Petition, it appears he simply listed the Due Process Clause and the Fourteenth Amendment as part of each claim in an attempt to convert his claims to cognizable federal claims. However, simply adding federal citations to what are otherwise state law claims, is insufficient to convert them to cognizable federal habeas claims.

Regarding Ground One, although Arizona Rules of Criminal Procedure 17.3 and 26.2(d) require that a trial court determine that a factual basis for a guilty plea exists prior to the entry of judgment against a defendant, there is no federal constitutional issue in the determination of whether an Arizona trial court failed to comply with Arizona rules. The United States Constitution does not mandate that state courts establish a factual basis for an otherwise voluntary and intelligent plea. See North Carolina v. Alford, 400 U.S. 25, 37-38 (1970) ("Thus, while most pleas of guilty consist of both a waiver of trial and an express admission of guilt, the later element is not a constitutional requisite to the imposition of criminal penalty. An individual accused of crime may voluntarily, knowingly, and understandingly consent to the imposition of a prison sentence even if he is unwilling or unable to admit his participation in the acts constituting the crime."); Rodriguez v. Ricketts, 777 F.2d 527, 527-28 (9th Cir. 1985) (per curiam) (rejecting petitioner's claim that he should be granted habeas corpus relief because his guilty plea was not supported by a factual basis on the grounds that, although a factual basis is required under Arizona law, "relief under section 2254(a) can be granted only for a violation of the United States Constitution, a federal statute, or a treaty" and "the due process clause does not impose on a state court the duty to establish a factual basis for a guilty plea absent special circumstances").

Thus, Petitioner's claim that his rights were violated based on an allegedly insufficient factual basis is not a valid constitutional claim, because no right to a sufficient factual basis exists under the United States Constitution. As a result, Petitioner's claim is based only on

1 the state court's failure to comply with Arizona Rule of Criminal Procedure 17.3 (and 26.2
2 (d)), which, as a state law claim, is not subject to habeas corpus review. See Estelle, 502
3 U.S. at 67-68 (emphasizing that "it is not the province of a federal habeas court to reexamine
4 state-court decisions on state-law questions").[2]

In Ground Two of his habeas petition, Petitioner complains that the trial court failed to properly balance aggravating and mitigating factors, thereby improperly sentencing him to an aggravated term of imprisonment. This claim, however, raises a question of whether the state court properly applied state sentencing law and, therefore, does not state a federal claim cognizable in federal habeas proceedings. See Langford, 110 F.3d at 1389 (federal courts "accept a state court's interpretation of state law, and alleged errors in the application of state law are not cognizable in federal habeas corpus") (internal citations omitted); Gerlaugh v. Lewis, 898 F.Supp. 1388, 1412-13 n.18 (D.Ariz. 1995) (declining to address the federal habeas petitioner's claim that his sentence violated A.R.S. § 13-116 because "[w]hether Petitioner's sentence violates A.R.S. § 13-116 alleges an error of state law"); Bojorquez v. Freeland, 2011 WL 3924878, at *8 (D.Ariz. 2011) (finding federal habeas petitioner's claim that he was improperly sentenced under Arizona sentencing laws was not cognizable on habeas review "[d]espite Petitioner's characterization of his claim as a federal constitutional claim"); Seagle v. Ryan, 2011 WL 2173632, at *2 (D.Ariz. 2011) (same). Accordingly, because Petitioner challenges the state court's application of state law, not federal law, he has failed to present a cognizable federal claim.

---

[2] To the extent Petitioner's claim in Ground One can be construed as one asserting a violation of an alleged right to withdraw from a guilty plea, the same result applies. Rule 17.5 of the Arizona Rules of Criminal Procedure governs withdrawals of guilty pleas in Arizona courts. The rule provides that "[t]he court, in its discretion, may allow withdrawal of a plea of guilty or no contest when necessary to correct a manifest injustice." Ariz.R.Crim.P. 17.5. Thus, under Arizona law, a trial court is not required to allow a defendant to withdraw his guilty plea before sentencing. See State v. Richardson, 857 P.2d 388, 391 (Ariz. Ct. App. 1993). Petitioner has failed to demonstrate that any alleged right to withdraw a guilty plea before sentencing implicates the Constitution, laws or treaties of the United States, and is not cognizable on habeas review.

## CONCLUSION

Having determined that Grounds One and Two fail to constitute a basis for federal habeas relief, the Court will recommend that Petitioner's amended Petition for Writ of Habeas Corpus be denied and dismissed with prejudice.

**IT IS THEREFORE RECOMMENDED** that Petitioner's amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 5) be **DENIED** and **DISMISSED WITH PREJUDICE**;

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal be **DENIED** because Petitioner has not made a substantial showing of the denial of a constitutional right.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. See 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(b), Federal Rules of Civil Procedure. Thereafter, the parties have fourteen days within which to file a response to the objections. Failure timely to file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure timely to file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. See Rule 72, Federal Rules of Civil Procedure.

DATED this 14th day of February, 2012.

_____
Michelle H. Burns
United States Magistrate Judge